IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| DAWN DICKERSON, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:10CV224 |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
|     Defendant. | ) | |

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Dawn Dickerson seeks judicial review pursuant to 42 U.S.C. § 405(g) of the Commissioner's final decision denying her claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). The Commissioner's denial decision became final on December 29, 2009, when the Appeals Council found no basis to review the decision of the Administrative Law Judge ("ALJ"). In this action, the parties have filed cross-motions for judgment, and the administrative record has been certified to the Court for review.

### The Claimant

Plaintiff was born on December 2, 1977, and was 27 years of age on her alleged onset date of disability. She has a high school education. Plaintiff has past relevant work experience as a certified nurse assistant, retail stock clerk, data entry clerk, and cleaner. Plaintiff alleges disability as of July 1, 2005, due to endometriosis, chronic abdominal pain, high white blood cell count, leukocytosis, possible lymphoma, hiatal hernia and migraines.

## The Administrative Proceedings

Plaintiff filed applications for DIB and SSI on July 5, 2006, alleging disability as of July 1, 2005, due to endometriosis, chronic abdominal pain, high white blood cell count, leukocytosis, possible lymphoma, hiatal hernia and migraines. Her claim was denied initially and on reconsideration, and Plaintiff filed a request for a hearing. A hearing was held on June 24, 2009, and a decision denying benefits was issued on July 30, 2009. Plaintiff filed a request for review, and on December 29, 2009, the Appeals Council found no basis for review of the ALJ's decision.

The findings of the ALJ relevant to this review include the following:

1. Plaintiff met the disability insured status requirements of the Social Security Act through September 30, 2008.

2. Plaintiff has not engaged in substantial gainful activity since her alleged onset date of disability.

3-4. Plaintiff's pulmonary disease, endometriosis, other disorders of the female genitourinary system, history of umbilical defect (surgically repaired), chronic gastritis (mild), gastroesophageal reflux disease, diverticulosis (single episode), obesity, vitamin D deficiency, chronic leukocytosis with elevated white blood cell count and history of subjective fever, obstructive sleep apnea (mild), restless limbs during sleep, insomnia, migraine headaches, lipoma (surgically excised), history of boils, degenerative disc disease, lumbar spine

disc bulge (mild), and diabetes mellitus, type II (non-insulin dependent), are, in combination only, "severe" impairments, but do not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.

5.  Plaintiff has the residual functional capacity to perform sedentary work with the capacity to lift and carry up to 10 pounds occasionally and less than 10 pounds frequently. She can stand and walk up to 2 hours in a work day and can sit for up to 6 hours in a work day. Plaintiff must be able to change position from sitting to standing every 30-45 minutes but need not leave the work station. She has unlimited ability to push and pull up to 10 pounds. She can balance frequently and can stoop, kneel, crouch, crawl, and climb stairs and ramps occasionally. She can reach, handle and finger frequently and has no limitations on her ability to feel. She is limited to only occasional exposure to pulmonary irritants. She can understand, remember and carry out simple, routine tasks, interact appropriately with supervisors, and have occasional interaction with coworkers and the general public. Finally, Plaintiff is able to identify and avoid normal work place hazards and can adapt to routine changes in the work place.

8.[1]  Plaintiff is unable to perform any of her past relevant work.

9-11.  Plaintiff was born on December 2, 1977, and was 27 years old, which is defined as a younger individual age 18-44, on her alleged onset date. She has

---

[1] The findings in the original decision, beginning at number 8, are misnumbered.

at least a high school education and is able to communicate in English. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding of not disabled regardless of whether Plaintiff has transferable job skills.

12. Considering Plaintiff's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform.

13. Plaintiff has not been under a disability, as defined by the Social Security Act, from July 1, 2005, through the date of this decision.

## The Scope of Review

The scope of judicial review by this Court of the Commissioner's decision denying benefits is limited. *Frady v. Harris*, 646 F.2d 143, 144 (4th Cir. 1981). The Court must review the entire record to determine whether the Commissioner has applied the correct legal standards and whether the Commissioner's findings are supported by substantial evidence. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Where this is so, the Commissioner's findings are conclusive. The Court may not reweigh conflicting evidence that is substantial in nature and may not try the case *de novo*. *Id.* Substantial evidence has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted), or "evidence which . . . consists of more than a mere scintilla of evidence but may be somewhat

4

less than a preponderance." *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (citations omitted).

Discussion

In making a decision on Plaintiff's claim, the ALJ followed a five-step analysis set out in the Commissioner's regulations. 20 C.F.R. §§ 404.1520, 416.920. Under the regulations, the ALJ is to consider whether a claimant (1) is engaged in substantial gainful activity; (2) has a severe impairment; (3) has an impairment that meets or equals the requirements of a listed impairment; (4) can return to her past relevant work; and if not, (5) whether she can perform other work. The burden of persuasion is on the claimant through the fourth step. *See Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1992). If the claimant reaches the fifth step, the burden shifts to the Commissioner to produce evidence that other jobs exist in the national economy that the claimant can perform considering her age, education and work experience. *Id.*

In this case, the ALJ found that Plaintiff met the disability insured status requirements of the Social Security Act through September 30, 2008. At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity at any time since her alleged onset date of disability. Proceeding to step two, the ALJ found that Plaintiff suffers from pulmonary disease, endometriosis, other disorders of the female genitourinary system, history of umbilical defect (surgically repaired), chronic gastritis (mild), gastroesophageal reflux disease, diverticulosis (single episode), obesity, vitamin D

5

deficiency, chronic leukocytosis with elevated white blood cell count and history of subjective fever, obstructive sleep apnea (mild), restless limbs during sleep, insomnia, migraine headaches, lipoma (surgically excised), history of boils, degenerative disc disease, lumbar spine disc bulge (mild), and diabetes mellitus, type II (non-insulin dependent), and that these impairments are severe, in combination only, within the meaning of 20 C.F.R. §§ 404.1520(c) and 416.920(c). The ALJ proceeded with the sequential evaluation and found at step three that Plaintiff does not have an impairment, or combination of impairments, that meets or equals the ones listed in Appendix 1, Subpart P, Regulations No. 4.

The ALJ continued her evaluation at step four, finding that Plaintiff has the residual functional capacity to perform sedentary work with the capacity to lift and carry up to 10 pounds occasionally and less than 10 pounds frequently. She can stand and walk up to 2 hours in a work day and can sit for up to 6 hours in a work day. Plaintiff must be able to change position from sitting to standing every 30-45 minutes but need not leave the work station. She has unlimited ability to push and pull up to 10 pounds. She can balance frequently and can stoop, kneel, crouch, crawl, and climb stairs and ramps occasionally. She can reach, handle and finger frequently and has no limitations on her ability to feel. She is limited to only occasional exposure to pulmonary irritants. She can understand, remember and carry out simple, routine tasks, can interact appropriately with supervisors, and can have occasional interaction with coworkers and the general public. Finally, Plaintiff is able to

identify and avoid normal work place hazards and can adapt to routine changes in the work place. Concluding her evaluation at step five, the ALJ found that there are a significant number of jobs in the national economy that Plaintiff is able to perform, and that Plaintiff is therefore not disabled.

In this action for judicial review, Plaintiff argues, *inter alia*, that the ALJ erred when she found that the functional capacity evaluation ("FCE") administered by Ms. Fay J. Tripp was entitled to only limited weight because Ms. Tripp failed to include "'verification factors'" in her report. (Docket No. 23, Mem. in Supp. of Mot. for J. on the Pleadings, at 8)(quoting Tr. at 16.) Plaintiff contends that rejecting an evaluation for that reason is unprecedented and without any legal or factual basis. (*Id.* at 9.) Plaintiff further argues that the ALJ "omitted material facts" in summarizing Ms. Tripp's report. (*Id.* at 8.) Accordingly, Plaintiff argues, the ALJ's residual functional capacity assessment is not supported by substantial evidence and is in error. (*Id.* at 9.)

The report completed by Ms. Tripp, who is a registered/licensed occupational therapist and a certified functional capacity evaluator (*see* Tr. at 279), is evidence from an "other source" as defined is 20 C.F.R. §§ 404.1513(d) and 416.913(d). Opinions from medical sources other than "acceptable medical sources" "are important and should be evaluated on key issues such as impairment severity, and functional effects, along with other relevant evidence in the file." Social Security Ruling 06-03p, *Titles II and XVI: Considering Opinions and Other Evidence from Sources Who Are Not "Acceptable Medical Sources" in*

7

*Disability Claims* ("SSR 06-03p"); *see also Nelson v. Astrue*, Civil Action No. 08-4785, 2009 WL 1871965, at *7, n.11 (E.D. Pa. June 26, 2009)("other source" opinions may be considered in assessing the severity of and functional limitations caused by a claimant's impairments).

Here, the ALJ did consider the RFC report and specifically noted Ms. Tripp's findings regarding Plaintiff's functional limitations. (Tr. at 16.) As stated above, the ALJ discounted these findings, however, because Ms. Tripp "did not include verification factors" in the report. (*Id.*)

The factfinder, in this case the ALJ, has a general duty of explanation. The Social Security Act provides:

> Any such decision by the Commissioner of Social Security which involves a determination of disability and which is in whole or in part unfavorable to such individual shall contain a statement of the case, in understandable language, setting forth a discussion of the evidence, and stating the Commissioner's determination and the reason or reasons upon which it is based.

42 U.S.C. § 405(b)(1).

The Fourth Circuit has incorporated this duty into a number of its cases. In *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983), the court held, "The Secretary must present us with findings and determinations sufficiently articulated to permit meaningful judicial review." In *Gordon v. Schweiker*, 725 F.2d 231 (4th Cir. 1984), it explained why the duty was so crucial:

> The courts . . . face a difficult task in applying the substantial evidence test when the Secretary has not considered all relevant evidence. Unless the

8

> Secretary has analyzed all evidence and has sufficiently explained the weight he has given to obviously probative exhibits, to say that his decision is supported by substantial evidence approaches an abdication of the court's "duty to scrutinize the record as a whole to determine whether the conclusions reached are rational."

*Id.* at 236 (quoting *Arnold v. Secretary*, 567 F.2d 258, 259 (4th Cir. 1977)). The ALJ must "build an accurate and logical bridge from the evidence to her conclusions so that we may afford the claimant meaningful review of the [Commissioner's] ultimate findings." *Blakes ex rel. Wolfe v. Barnhart*, 331 F.3d 565, 569 (7th Cir. 2003).

Here, the Commissioner contends that by finding that the evaluation lacked "verification factors," the ALJ was "essentially finding . . . that there was nothing in the evaluation report that verified [Ms. Tripp's] conclusions, which is simply another way of saying that the opinion was not consistent with Ms. Tripp's own observations." (Docket No. 25, Mem. in Supp. of Def.'s Mot. for J. on the Pleadings, at 10-11)(citing Tr. at 16.) The Commissioner, however, does not provide any factual basis for this conclusion; moreover, the Court itself is unable to find in the ALJ's decision or the record any support for the Commissioner's assertion.

In fact, the Court is unable to determine what the ALJ meant when she stated that the FCE report lacked verification factors. According to the FCE summary report, Dr. Sonia Pasi,[2] one of Plaintiff's treating physicians, referred Plaintiff for the FCE to determine: (1) whether Plaintiff provided full physical effort during testing; (2) whether Plaintiff's

---

[2] *See, e.g.*, Tr. at 419-20, 426-27, 429-30, 445-46.

9

subjective reports are reliable; (3) Plaintiff's upper extremity strength and dexterity, and; (4) Plaintiff's physical abilities and limitations. (Tr. at 278.)³ Ms. Tripp stated in the report that test findings and clinical observations supported that Plaintiff's subjective reports of pain and associated disability were reasonable and reliable, and suggested that Plaintiff exerted full physical effort during the evaluation. (*Id.*) It is notable that the examination notes (presumably) cited by the ALJ did not contain these statements concerning reliability. (*See id.* at 449.) It may be that when the ALJ referred to "verification factors," she meant the kind of reliability statements contained in the un-cited copy of the report. However, absent any further explanation in the decision, the Court cannot determine what the ALJ meant, and accordingly cannot fulfil its duty to determine whether the ALJ's finding regarding the report is rational. *See Gordon*, 725 F.2d at 236.

**IT IS THEREFORE RECOMMENDED** that Plaintiff's motion for judgment on the pleadings (Docket No. 22) be granted, that the Commissioner's motion for judgment on the

---

³ The FCE summary report is found in the record at pages 278-79. In her decision, the ALJ cited to Ex. F/64 (page 479 in the record on appeal) in reference to Ms. Tripp's findings. (*See* Tr. at 16.) The Court believes this is a scrivener's error as Exhibit F at page 64 appears to be unrelated to the FCE. (*See id.* at 479.) There are, however, occupational therapy treatment notes by Ms. Tripp related to the FCE at Exhibit F at page 34. (*See id.* at 449.) Presumably, the ALJ meant to cite to page 34 rather than page 64 of the exhibit.

pleadings (Docket No. 24) be denied, and that this matter be remanded to the Commissioner for further proceedings.

/s/ P. Trevor Sharp  
United States Magistrate Judge

Date: February 3, 2012